A. J. BUMB, Receiver in Bankruptcy in the Matter of Gough Industries, Inc., a California corporation, Appellant,

v.

PETERSMITH CONTROLS, INC., Appellee.

No. 21090.

United States Court of Appeals
Ninth Circuit.

May 5, 1967.

Edward I. Gorman, Flaxman, Coleman, Gorman & Rosoff, Los Angeles, Cal., for appellant.

Vester G. Brady, Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and SMITH, District Judge.

CHAMBERS, Circuit Judge:

A. J. Bumb, receiver in bankruptcy in the matter of Gough Industries, Inc., a California corporation, appeals the judgment order of the district court affirming an order of a referee in bankruptcy awarding appellee, Petersmith Controls, Inc., a lien against certain funds held by the parties in a joint bank account pending resolution of this suit.

The facts unwind as follows:

Rocketdyne Division of North American Aviation Co. desired certain facilities constructed on their property. They contracted with Alex Robertson Co., a general contractor, to build the facilities. Alex Robertson Co. contracted with a joint venture known as Miller Bros.-Amco Electric to do the electrical work. Miller Bros.-Amco Electric in turn ordered $140,000 worth of electrical equipment from Gough Industries, Inc., bankrupt here. Gough Industries made none of the equipment itself, but only passed the order along to Petersmith Controls, Inc., appellant here. Petersmith made the equipment and delivered it to the job site. The equipment consisted of highly specialized electric controls that had to be made to fit the specifications of the order. Evidently, Miller Bros.-Amco Electric had talked to Petersmith independently before Gough Industries was brought in, and only dealt through Gough because Petersmith was a small outfit of unproven reliability. Eventually Petersmith proved more responsible than Gough. Petersmith was paid by Gough for all of its work, with the exception of $21,534.51. This sum represents 15% of the total amount and was properly withheld by Miller Bros.-Amco Electric pending determination of satisfactory performance of the equipment. By the time such determination had been made, Gough Industries was bankrupt. Accordingly the remaining 15%, or $21,534.51, was deposited by Miller Bros.-Amco Electric in a joint bank account to be paid either to the Gough receiver, or to Petersmith, as the referee should direct. The referee directed that $15,227.18 be paid to Petersmith. This amounts to the $21,534.51 less a set-off of $6,307.33 from another transaction not here at issue.

The issue here is simply whether the referee and the district court were correct in holding that, under California law, Petersmith has a lien on the unpaid balance of the money due it for the electrical equipment which it made. We agree with the determination made and affirm.

Under California law a subcontractor is entitled to a lien upon property to the extent of the value of the labor or materials that he has contributed. Cal.Code Civ.Proc. § 1181. In the case of Theisen v. County of Los Angeles, 54 Cal.2d 170, 5 Cal.Rptr. 161, 352 P.2d 529, the California Supreme Court has defined a subcontractor as being a person who " * * * constructs a definite, substantial part of the work of improvement in accord with the plans and specifications of such contract * * *" They go on to make clear that a person who simply supplies standard shelf goods does not qualify as a subcontractor.

Under this test, Petersmith clearly qualifies as a subcontractor. The value of the goods which it supplied ($135,800) was substantial and the goods (electric controls) were highly specialized and had to be made to order.

Appellant contends that Petersmith was not a subcontractor, but that it was merely a materialman without lien rights. Appellant would have us read into Theisen, supra, the further requirement that to be a subcontractor one must have a direct contractual relationship with the prime, or general, contractor. This we decline to do. While Theisen, supra, which was not concerned with this point, contains some ambiguous language, we do not think that it is fairly read to mean that one subcontractor cannot create another. We reach this conclusion after a careful reading of Cal. Code Civ.Proc. §§ 1181 and 1182. Section 1181 provides that persons furnishing goods at the request of an owner or person under his authority are entitled to

mechanics liens. Section 1182 provides that a subcontractor is an agent of the owner.

The order of the district court is affirmed.